UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EUGENE HOLLIS,<br><br>Defendant. | No. 1:08-cr-00276-DAD-1<br><br>ORDER DENYING MOTION TO VACATE, CORRECT, OR SET ASIDE SENTENCE<br><br>(Doc. No. 60) |

Defendant here pleaded guilty on December 1, 2008 to one count of violating 18 U.S.C. § 2252(a)(2), receipt or distribution of material involving the sexual exploitation of a minor. (Doc. No. 16.) He was initially sentenced to 210 months in the custody of the Bureau of Prisons, to be followed by 120 month term of supervised release. (Doc. Nos. 27, 28.) However, on appeal this sentence was vacated with the Ninth Circuit concluding there was no evidence defendant distributed pornographic material in order to obtain a benefit. (Doc. No. 38.)  On September 7, 2010, defendant was resentenced to a term of 200 months in the custody of the Bureau of Prisons with a 120 month term of supervised release to follow. (Doc. No. 49.) Defendant appealed from this sentence as well, and the judgment and sentence was affirmed on October 27, 2011. (Doc. Nos. 50, 57.)

Not until October 11, 2016, did defendant bring this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 60.) In that motion, defendant

1

argues he should have been resentenced by a different judge, following the vacating of his original sentence on appeal. (*Id.* at 4.) He asserts that the previously assigned District Judge who re-sentenced him "treated the 9th Circuit's remand with mirth," that he was provided ineffective assistance of counsel when the matter was not heard by a different judge, and that he received no benefit from having a five-level sentencing enhancement overturned on appeal. (*Id.*) In seeking to explain why his pending motion was not filed until nearly five years after his judgment and sentence was affirmed on appeal, he states:

> My second appeal was a shock when my unjust resentence soaked in, I went into state of suffering from the injustice, my medical problems within the BOP have been nightmarish to me, managing 4 civil rights lawsuits filed in Fresno County Jail, and the loss of hope from all of that. Ineffective assistance knows no bounds.

(Doc. No. 60 at 10.)

Rule 4 of the Rules Governing Section 2254 and 2255 Cases requires a judge assigned to such a case to promptly examine the case upon filing. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing Section 2254 and 2255 Cases, Rule 4.

A one year statute of limitations applies to all motions filed under 28 U.S.C. § 2255, which runs from the date on which the judgment becomes final. 28 U.S.C. § 2255(f). If a sentence is appealed and remanded, "the judgment does not become final, and the statute of limitations [under § 2255] does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed." *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015) (quoting *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000)). If the defendant appeals the amended judgment to the intermediate appeals court but does not seek a writ of certiorari from the Supreme Court, "the one-year limitations period . . . begins to run when the time for filing the petition [for a writ of certiorari] expires." *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000); *see also United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) ("[F]inality occurs when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003));

*see also* Rules of the Supreme Court, Rule 13 (petition for writ of certiorari must be filed within 90 days of judgment).

Equitable tolling principles apply to petitions under 28 U.S.C. § 2255 in a manner similar to those filed by state prisoners under 28 U.S.C. § 2254. *United States v. Battles*, 362 F.3d 1195, 1196–97 (9th Cir. 2004) ("The two sections have the same operative language and the same purpose. We fail to see any reason to distinguish between them in this respect."). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 530 U.S. 631, 649 (2010); *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir.2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir.), *cert. denied* ––– U.S. ––––, 131 S. Ct. 3039 (2011); *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008.0  That said, "equitable tolling is 'unavailable in most cases.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)); *see also Holland*, 560 U.S. at 652 ("[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied [.]")  The petitioner seeking equitable tolling "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda*, 292 F.3d at 1065. Equitable tolling is typically a "highly fact-dependent" inquiry. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (dismissal without factual development is permissible only if district court can conclude there were "no circumstances consistent with petitioner's petition and declaration under which he would be entitled . . . to equitable tolling"); *see also Laws*, 351 F.3d at 924 (same). *But see Orthel v. Yates*, 795 F.3d 935, 938–41 (9th Cir. 2015) (concluding no evidentiary hearing was required where district court had access to records showing petitioner was not incompetent); *Roberts v. Marshall*, 627 F.3d 768, 772–73 (9th Cir. 2010) (same).

Mental incompetency may constitute "an extraordinary circumstance beyond the prisoner's control" sufficient to justify equitable tolling. *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) *overruled on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003); *see also Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (concluding

3

equitable tolling applies in non-death penalty cases). In order to be entitled to equitable tolling based upon a mental impairment, however, the following standard must be met:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> >
> > (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010) (internal citations and footnotes omitted); *see also Orthel*, 795 F.3d at 938-39; *Forbess v. Franke*, 749 F.3d 837, 840 (9th Cir. 2014).

Here, as noted above, following the affirmance of his judgment and sentence defendant was denied a rehearing by the Ninth Circuit Court of Appeals on November 22, 2011, and the mandate issued on November 30, 2011. (Doc. Nos. 57, 58.) The time for defendant's filing of a petition for a writ of certiorari thus expired on February 28, 2012, and his time to file a motion under 28 U.S.C. § 2255 expired one year later, on February 28, 2013. Instead, the pending § 2255 motion was not filed until October 11, 2016, more than three and a half years after it was due. Defendant's § 2255 motion is therefore clearly untimely.

In explaining why his filing was so untimely, defendant indicates that the outcome of his appeal from his re-sentencing was a "shock" to him and he "went into a state of suffering from the injustice." (Doc. No. 60 at 10.) Further, he states in conclusory fashion that his medical problems "have been nightmarish to me." (*Id.*) Nevertheless, defendant also notes he was contemporaneously managing four civil rights lawsuits he had filed while in the Fresno County Jail during this period. (*Id.*)

/////

/////

Indeed, this court's own records[1] reflect defendant has litigated numerous civil cases as plaintiff during the time between the affirmance of his judgment and sentence on appeal and the expiration of the limitation period applicable to his § 2255 petition.  *See Michael Eugene Hollis v. Blathers, et al.*, No. 1:11-cv-00741-RRB (E.D. Cal. May 10, 2011) (litigated between May 10, 2011 and August 13, 2014); *Michael Eugene Hollis v. FNU Shumate, et al.*, No. 1:11-cv-00747-AWI-GBC (E.D. Cal. May 10, 2011) (litigated between May 10, 2011 and October 2, 2012); *Michael Eugene Hollis v. Dr. Laird, et al.*, No. 1:11-cv-00748-AWI-SKO (E.D. Cal. May 10, 2011) (litigated between May 10, 2011 and August 25, 2014); *Michael Eugene Hollis v. Russell York, et al.*, No. 1:11-cv-00749-OWW-GSA (E.D. Cal. May 10, 2011) (litigated between May 10, 2011 and August 4, 2011); *Michael Eugene Hollis v. Margaret Mims, et al.*, No. 1:11-cv-00739-AWI-GBC (E.D. Cal. May 9, 2011) (litigated between May 9, 2011 and October 9, 2012); *Michael Eugene Hollis v. Russell York, et al.*, No. 1:09-cv-00463-AWI-BAM (E.D. Cal. Mar. 11, 2009) (litigated between March 11, 2009 and March 26, 2013).  These civil actions brought by defendant pro se were all actively being litigated and the dockets reflects that this defendant was drafting and filing motions in these matters which are coherent and well-organized.   Even if defendant suffered from some sort of mental impairment due to his "shock," as he suggests, it is clearly insufficient to rise to the level required for equitable tolling, since he has not and cannot show he was "unable rationally or factually to personally understand the need to timely file," or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing."  *See Bills*, 628 F.3d at 1099–100.  This is particularly true given that defendant here not only litigated other federal cases on his own behalf during this period, but routinely requested and received extensions of time to file necessary pleadings in those civil cases.  Clearly, defendant was aware of the necessity of complying with time limits in connection with federal litigation he was pursuing.

---

[1]  It is appropriate for the court to judicially notice its own docket.  *See* Fed. R. Evid. 201(c)(1); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) ("It is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence."); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 942–43 (C.D. Cal. 2014) ("Court orders and filings are proper subjects of judicial notice.).

Given that the only potential ground for equitable tolling potentially raised by defendant is clearly unsupported, and that the pending § 2255 motion is obviously untimely, the court denies and dismisses that motion to vacate, set aside, or correct his sentence (Doc. No. 60) as untimely under Rule 4 of the Rules Governing § 2254 and 2255 Cases.  Accordingly, the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 7, 2017**  

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE