UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EUGENE HOLLIS,<br><br>Defendant. | No. 1:08-cr-00276-DAD-1<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 93) |

On February 16, 2021, the undersigned denied defendant Michael Eugene Hollis's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based in part on the risks allegedly posed to the defendant by the ongoing coronavirus ("COVID-19") pandemic. (Doc. Nos. 71, 73, 83,[1] 90.) On September 13, 2021, defendant filed the instant motion requesting reconsideration of that order. (Doc. No. 65.) The pending motion also requests a judicial recommendation for a Residential Re-entry Center ("RRC") placement under 18 U.S.C. § 3621(b). (*Id.*)

/////

/////

---

[1] Defendant's *pro se* motion was docketed by the court on September 4, 2020 under seal because it reflected some personal information. (Doc. No. 71.) A properly redacted version of that filing was later placed on the public docket on November 17, 2020. (Doc. No. 83.)

1

**A.      Defendant's Motion for Reconsideration**

The court construes defendant's motion as a request for relief from a final judgment, pursuant to Federal Rule of Civil Procedure 60(b).[2]  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j)(3) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  *Id.* (internal quotation marks and citation omitted).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*,

---

[2]  Because the Federal Rules of Criminal Procedure do not include a rule that expressly authorizes motions for reconsideration, courts have applied the standards set forth in the Federal Rules of Civil Procedure when considering such motions made in criminal cases.  *See United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir. 2000) ("As the Second Circuit noted in *United States v. Clark*, post-judgment motions for reconsideration may be filed in criminal cases."); *United States v. Davis*, No. 2:98-cr-00114-KJM, 2021 WL 1122574, at *1 (E.D. Cal. Mar. 24, 2021) ("Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has approved of the judicial economy of motions for reconsideration in the appropriate circumstances. . . .  No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding.  It is instead a matter of discretion.") (internal quotation marks and citations omitted); *United States v. Mendez*, No. 07-cr-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008) ("Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings.").

1  634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828
2  F.2d 514 (9th Cir. 1987).

3  Here, defendant Hollis has not shown mistake, inadvertence, surprise, or excusable
4  neglect; he has not shown the existence of either newly discovered evidence or fraud; he has not
5  established that the judgment is either void or satisfied; and he has not presented any other
6  reasons justifying relief from judgment.  Nor has he shown "new or different facts or
7  circumstances claimed to exist which did not exist or were not shown upon such prior motion, or
8  what other grounds exist for the motion."  Local Rule 230(j)(3).  Instead, defendant advances
9  many of the same arguments that the court previously considered in ruling upon defendant's
10 original motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A); such as his
11 concerns related to the previously high numbers of prisoners incarcerated at Federal Correctional
12 Institution, Terminal Island ("FCI Terminal Island") who have tested positive for COVID-19 and
13 the danger that the COVID-19 virus poses generally to prisoners.  (*Compare* Doc. No. 93 at 1–9
14 *with* Doc. No. 83 at 18–28.)  Defendant further describes his concern that he is living in "a
15 coronavirus epicenter."  (Doc. No. 93 at 7.)  Even though he has been vaccinated, defendant
16 expresses his fear that his vaccine immunity is waning and that he might suffer serious illness or
17 complications from COVID-19 were he to contract the virus due to the spreading of the Delta
18 variant.  (*Id.* at 2–4.)  Defendant asserts he is aware of an inmate at FCI Terminal Island, with
19 whom he was acquainted, who contracted the virus, required hospitalization, and passed away in
20 early May 2021 due to the effects of COVID-19.  (*Id.* at 4–5.)

21 As this court has described in its order denying defendant's prior motion, the U.S. Bureau
22 of Prisons ("BOP") at FCI Terminal Island initially failed to control the extent of its outbreak of
23 COVID-19 early on in the pandemic, and, as a result, a high number of its inmates tested positive
24 for the virus and ten inmates died.  (Doc. No. 90 at 12.)  While the situation at FCI Terminal
25 Island was at one time obviously an extremely serious one, the situation had largely improved by
26 /////
27 /////
28 /////

the time defendant Hollis filed his motion.[3]  (*Id.*) (noting that "[a]s of February 15, 2021, the BOP reports that one inmate and five staff members at FCI Terminal Island are now confirmed as having active COVID-19 cases, with no additional deaths.")

Despite his claims regarding the conditions at FCI Terminal Island, defendant has provided no basis for reconsideration of the court's previously entered order denying his motion for compassionate release.  In considering defendant's motion for modification of his sentence, the court found that defendant suffers from multiple serious medical conditions and several of those conditions place him at higher risk of becoming seriously ill if he were to be re-infected by COVID-19. (Doc. No. 90 at 10–12.  However, defendant's motion was denied based on the appearance of the then relatively low numbers of COVID-19 cases at FCI Terminal Island and because the facility continued to provide defendant adequate medical care and permitted him to provide for his own self-care—concluding that the circumstances were not sufficient to support a finding of extraordinary and compelling reasons warranting a reduction of defendant Hollis's sentence.  (*Id.*)

As explained above, a motion for reconsideration "should not be granted, absent highly unusual circumstances" unless a party sets forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Marlyn Nutraceuticals, Inc.*, 571 F.3d 873, 880 (9th Cir. 2009; *Kern-Tulare Water Dist.*, 634 F. Supp. at 665.  None of defendant's arguments presented have provided new or different facts, circumstances, or law that that would justify this court's reconsideration if its previous order denying relief.

Accordingly, defendant's motion for relief from the judgment pursuant to Rule 60(b) is denied.

**B.    Defendant's Request for a Judicial Recommendation for RRC Placement**

In the pending motion, defendant also requests that the court prove a judicial recommendation for an RRC placement under 18 U.S.C. § 3621(b).  Defendant asserts that he

---

[3] The improving situation appears to continue.  As of September 29, 2021, the BOP reports that no inmates and only three staff members at FCI Terminal Island currently have confirmed active cases of COVID-19.  *See* https://www.bop.gov/coronavirus/ (last viewed Sept. 29, 2021).

signed release documents for an RRC in San Francisco on July 19, 2021, "but he has no idea when his RRC documents will be processed." (Doc. No. 93 at 7.) Defendant is concerned that a member of FCI Terminal Island's Unit Team will not timely process his documents, and he will only be able to spend a few months in a RRC instead of the full year he would like to spend. (*Id.* at 7–8.) At this time defendant states he is does not have sufficient savings to secure housing or a vehicle upon his release but if he were to spend a full year at RRC,[4] defendant Hollis asserts he would be able to gain employment, accrue savings, and the placement would assist his "smooth[] transition back into society." (*Id.* at 8.) In support of his request, defendant Hollis describes that he joined the UNICOR Industrial Recycling First Step Apprenticeship Program on March 15, 2021, and he is "well on his way to completing the 500 hours needed to qualify for a halfway house placement." (*Id.* at 9, 18) (showing completion of ~320 hours as of July 2021.)

Defendant seeks a judicial recommendation solely pursuant to 18 U.S.C. § 3621(b), yet there are two statutory bases for inmate transfer to an RRC, 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). "When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment, § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f)." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (internal citations omitted); *see also United States v. Lambert*, No. 4:18-cr-00149-YGR, 2021 WL 632611, at *1 (N.D. Cal. Feb. 18, 2021). In relevant part, 18 U.S.C. § 3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . considering—
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;

---

[4] Defendant seeks a RRC placement beginning October 28, 2021 due to the fact that his current projected release date is October 28, 2022 with the relevant good time credits applied. (Doc. Noa. 73-2 at 1–2; 93 at 9.) In the undersigned's experience, the length of a RRC placement for most federal prisoners has varied over time between zero and six months, or perhaps in some cases longer, based upon a great number of factors considered by the BOP, including the availability of RCC resources which, in recent years, have unfortunately become somewhat limited.

        (4) any statement by the court that imposed the sentence—

            (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

            (B) recommending a type of penal or correctional facility as appropriate; and

        (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Thus, while a district court may, in its discretion, make a recommendation that a prisoner serve a term of imprisonment in a RRC, ultimately the "decisionmaking authority rests with the BOP." *Tapia*, 564 U.S. at 331; *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

    Although courts have granted requests for recommendations like that sought by defendant "when the motion included significant information about the prisoner's activities since sentencing and the extent of his efforts and progress toward rehabilitation while in prison," more frequently—and absent such a showing—courts have denied such motions because they have concluded that the BOP is in a better position to evaluate the appropriateness of a RRC placement and the length thereof. *See United States v. Perry*, No. 2:13-cr-00049-TLN, 2017 WL 1534275, at *2 (E.D. Cal. Apr. 27, 2017) (collecting cases.) Here, given the limited information defendant has provided in this regard and due to the fact that defendant states his RRC paperwork has already been signed, the court does not believe that a judicial recommendation is appropriate or necessary under the circumstances.

    Accordingly, defendant's request for a judicial recommendation for a RRC placement is denied.

## CONCLUSION

    For the reasons outlined above, defendant Michael Eugene Hollis's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) or in the alternative, a request for

/////

/////

/////

a judicial recommendation for a Residential Re-entry Center placement under 18 U.S.C. § 3621(b) (Doc. No. 93) is denied.

IT IS SO ORDERED.

Dated: __**September 29, 2021**__  
UNITED STATES DISTRICT JUDGE